UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAD I. WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.,<br><br>    Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Analog Devices, Inc. ("Defendant" or "Analog"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby removes this action from the Middlesex County Superior Court of the Commonwealth of Massachusetts. As grounds for removal, Analog states as follows:

1. On or about September 21, 2022, pro se plaintiff Chad I. Walker filed a lawsuit in the Middlesex Superior Court, entitled *Chad I. Walker v. Analog Devices Inc.*, Civil Action No. 2281CV03426 (the "State Court Action").

2. Defendant was served with the Complaint and Summons on October 26, 2022. This constitutes Analog's first legal notice of the State Court Action for purposes of removal. Thus, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

3. A true and correct copy of all process, pleadings, and orders that have been served upon Defendant in the State Court Action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

4. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 in that Plaintiff claims, among other things, that Defendant "stifle[d] competition by limiting Plaintiff's mobility and constrained the Plaintiff's career prospects" in violation of the

"Sherman Act," 15 U.S.C. § 1 *et seq*.  Compl. p. 2.  Accordingly, federal question exists in this matter.

5. Further, this Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Plaintiff Chad I. Walker is a resident of Newton, Kansas and a citizen of the State of Kansas.  Compl. p. 1.

7. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which is typically a corporation's headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Defendant is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business and headquarters in Wilmington, Massachusetts.  Thus, Defendant is a citizen of Massachusetts.

8. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed.  Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

9. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold*."  Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

10. Without admitting liability or that Plaintiff is entitled to any damages, Defendant states that, given the nature of the potential damages available to Plaintiff under the Complaint, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.

11. Plaintiff seeks "lost wages" as damages. Compl. p. 2. Plaintiff alleges that he has been unable to find work because an "overly restrictive employment covenant … stifle[d]" Plaintiff's ability to seek subsequent employment. Compl. pp. 1-2.

12. Plaintiff's final salary with Analog was over $100,000 annualized. Plaintiff alleges he has been unemployed since July 2019. Compl. p.2. Therefore, Plaintiff's potential "lost wages" are allegedly over $300,000.

13. Plaintiff's Statement of Damages set forth in his Civil Action Cover Sheet seeks lost wages in the amount of $500,000.

14. Under the Sherman Act, Plaintiff may also recover "threefold the damages by him sustained." 15 U.S.C. § 15. Multiple damages are included in assessing the amount in controversy. *See Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D.Mass. 2013).

15. While Defendant denies any liability or that Plaintiff is entitled to any damages, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00.

16. Accordingly, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).

17. The requirements for diversity and federal question jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. §§ 1331 and 1332. The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

18. The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441

and 1446 because it is pending in Middlesex County Superior Court in the Commonwealth of Massachusetts, which lies within this District.

19. A true and complete copy of this Notice of Removal has been served this day, together with the Notice of Filing of Notice of Removal, upon the Clerk of the Middlesex County Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

20. This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via first class mail upon pro se Plaintiff.

21. Defendant reserves all defenses, including defenses as to sufficiency of service of process and personal jurisdiction.

WHEREFORE, Defendant respectfully requests that the State Court Action be removed and hereinafter proceed in the United States District Court for the District of Massachusetts.

    Respectfully submitted,

    ANALOG DEVICES, INC.,

    By its attorneys,

    /s/ Stephen T. Melnick
    Stephen T. Melnick, Bar No. 667323
    smelnick@littler.com

    LITTLER MENDELSON, P.C.
    One International Place
    Suite 2700
    Boston, MA  02110
    Telephone:   617.378.6000
    Facsimile:   617.737.0052

Dated:  November 14, 2022

- 5 -

## CERTIFICATE OF SERVICE

I, Stephen T. Melnick, hereby certify that on this 14th day of November 2022, the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing, as well as via first class mail upon pro se plaintiff:

Chad I. Walker
209 W 9th Street
Newton, Kansas  67114

/s/ Stephen T. Melnick
Stephen T. Melnick

4882-2684-1662.1 / 051171-1068