| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY |

| **Plaintiff** Chad I. Walker | **Defendant:** Analog Devices Inc. |
|---|---|
| ADDRESS: 209 W 9th Street, Newton, Kansas 67114 | ADDRESS: One Analog Way, Wilmington, Massachusetts 01887 |
| | |
| | |
| **Plaintiff Attorney:** | **Defendant Attorney:** |
| ADDRESS: | ADDRESS: |
| | |
| | |
| BBO: | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☒ YES ☐ NO |

*If "Other" please describe:

**Is there a claim under G.L. c. 93A?**  ☐ YES  ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?**  ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

   1. Total hospital expenses     RECEIVED  9/21/2022  HG
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)                                                                    $500,000.00

   Lost wages 3+ years

                                                                                Subtotal (1-5):     **$500,000.00**

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

                                                                                TOTAL (A-F):     **$500,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Pain and suffering including mental suffering, emotional distress, loss of quality of life, and loss of enjoyment of life on the part of Plaintiff and his family

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Mental suffering | $1,500,000.00 |
| 2. | Emotional distress | $1,500,000.00 |
| 3. | Loss of quality of life | $1,500,000.00 |
| 4. | Loss of enjoyment of life | $1,500,000.00 |
| | Total | **$6,000,000.00** |

Signature of Attorney/Unrepresented Plaintiff: X   Chad I. Walker        Date:    September 21, 2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X   Chad I. Walker        Date:   September 21, 2022

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party** †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

1. **Caption**

   Middlesex County Superior Court
   200 Trade Center, 2nd Floor, Woburn, MA 01801

   Unlawful Employment Contract: Chad Walker vs. Analog Devices Inc.
   Docket No. 22 - 3426  C

2. **Parties**

   1. Plaintiff
      Chad Walker
      209 W 9th Street
      Newton, Kansas  67114

   2. Defendant
      Analog Devices Inc.
      One Analog Way
      Wilmington, Massachusetts 01887



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 21 2022

CLERK

3. **Statement of Facts**

   In July 2017, Plaintiff signed an employment contract with Defendant (Analog Devices). The contract presented a combined confidentiality and developments agreement. Plaintiff signed this document based on the belief there was a fiduciary duty of loyalty on his part to Analog Devices. At the time, Plaintiff had no idea he was signing an overly restrictive employment covenant.

   In early 2019, Plaintiff was informed of other internal roles in the company that the hiring manager would like to onboard him for. After several months of discussions an interviews, it was implied that Plaintiff would need to resign in order to be brought in for the new role.

   In July 2019, Plaintiff resigned from his role and also began interviewing with another company who was both competitor and customer to Analog Devices. None of these roles materialized into new employment for Plaintiff. It is now more than 3 years later during one of the hottest labor markets and Plaintiff has still been unable to secure a job.

   Interviews are not granted and follow-up questions by Plaintiff are not replied to. What is more, employment references inside Analog Devices do not respond to requests for letters of reference. One organization Plaintiff was applying to a volunteer position with informed the Plaintiff that references inside from Analog Devices do not respond to their requests either. Plaintiff has been in touch with HR with Analog Devices to request copies of his personnel evaluations but these request have been refused. A request from the Massachusetts Attorney General to release the Plaintiff's personnel evaluations was also ignored by Analog Devices.

During his short time with Analog Devices, Plaintiff received both increased responsibility and increased salary raise based on good performance. Similarly, Plaintiff's personnel evaluations documented a strong performance with high potential.

4. **Statement of Claims**

Overly restrictive employment agreements between employer and employees constitute a horizontal territorial market allocation agreement which is unlawful under antitrust laws. The signed agreement between Plaintiff and Defendant is exceptionally broad and includes no time limit or geographic scope. It does not define what the Plaintiff was exposed to that would allow him to break confidentiality or otherwise develop something that presented an unfair business interest.

Furthermore, antitrust laws also prohibit both formal and informal agreements between employers that unnecessarily restrain worker mobility. Plaintiff is unaware of any "no-poach" agreements and has not consented to one.

Plaintiff believes Defendant's actions have stifle competition by limiting Plaintiff's mobility and constrained the Plaintiff's career prospects. No one should be denied the chance to pursue better jobs, higher pay and better benefits. Any action on the part of Defendant to impede Plaintiff in this regard is unlawful under the Sherman Act. What is more, given the amount of time that has passed, even an informal, no-poach agreement intended for a vertical labor-market allocation would be unlawful.

5. **Request for Relief**

Plaintiff requests award of damages in lost wages.

Plaintiff requests award of damages in pain and suffering including mental suffering, emotional distress, loss of quality of life, and loss of enjoyment of life on the part of himself and his family.

Plaintiff requests an injunction requiring Defendant to stop the practice of restrictive employment covenants intended to impede worker mobility.

Plaintiff requests an injunction requiring Defendant to stop the practice of formal and informal "no-poach" agreements.

Plaintiff requests a subpoena requiring Defendant to turn over all personnel evaluations, appraisals and increase salary agreements.

Plaintiff requests a subpoena requiring Defendant to turn over all informal and formal "no-poach" agreements on his behalf to include text messages, email threads or other forms of communication.

6. **Jury Demand**

Plaintiff demands trial by jury on all issues properly so tried.